UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 10-cr-00567-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     COSME MOISES GOMEZ-PAZ,
2.     SERGIO ABRAHAM BELTRAN,
3.     RAFAEL PELAYO-ESCARDA,
4.     ESEQUIEL MEZA-TORRES, and
**5.     LUIS ARMANDO CELAYA**,

        Defendants.

---

**ORDER GRANTING GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS AGAINST DEFENDANT CELAYA**

---

**THIS MATTER** comes before the Court on the Government's Motion for Reconsideration **(#182)** of the Court's Order Regarding Admissibility of Co-Conspirator Statements **(#179)**, Mr. Celaya's Response **(#190)**, and the Government's Reply (**#199**). Having considered the same, the Court FINDS and CONCLUDES as follows.

In this case, the Defendants are charged in a two-count Indictment **(#14)** with (1) a violation of 21 U.S.C. § 846, conspiracy to violate 21 U.S.C. § 841(a)(1), which criminalizes the possession with intent to distribute and distribution of controlled substances, here, specified to be more than 500 grams of methamphetamine; and (2) a violation of 21 U.S.C. § 841(a)(1) itself for possession with intent to distribute and distribution of 500 or more grams of methamphetamine. The parties sought a pre-trial determination of the admissibility of co-conspirator statements

pursuant to Fed. R. Evid. 801(d)(2)(E). The Court's previous Order **(#179)** addressed such issue. The Court opted to forego a *James* hearing in favor of evaluating the facial sufficiency of the Government's proffer. *See United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998). Accordingly, it did not determine the admissibility as to any statement, but rather limited its determination to whether, assuming the Government could prove all facts in its proffer, the identified statements would fall within the provisions of Rule 801(d)(2)(E).

As part of this determination, the Court examined whether the Government had met its burden of showing that: (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made "in the course of and in furtherance of the conspiracy." *See United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). As to the showing of a conspiracy, the elements are: (1) the defendant entered into an agreement to violate the law; (2) the defendant had knowledge of the essential objectives of the conspiracy; (3) the defendant was knowingly and voluntarily involved in the conspiracy; and (4) there was interdependence among the alleged participants of the conspiracy. *See* Crim. Pattern Jury Instructions for the Tenth Circuit § 2.87; *United States v. Delgado-Uribe*, 363 F.3d 1077, 1083 (10th Cir. 2004).

The Court determined that the Government had made a sufficient showing as to a conspiracy between Mr. Gomez-Paz, Mr. Meza-Torres, Mr. Pelayo-Escarda, and Mr. Beltran, but not as to Mr. Celaya. This conclusion was based on the lack of any evidence that Mr. Celaya knew that the object of the conspiracy was to possess and distributed methamphetamine. The Government's factual proffer only included evidence that Mr. Celaya agreed to, and did, drive Mr. Meza-Torres and Mr. Pelayo-Escarda from Colorado Springs to Aurora for what he thought

was the delivery of marijuana, but which was actually the delivery of methamphetamine. As the Indictment **(#14)** lists the conspiracy charge as a conspiracy to possess with intent to distribute and distribute more 500 grams or more of methamphetamine, the Court treated the object of the conspiracy as distribution of methamphetamine and determined that Mr. Celaya had not knowingly and voluntarily agreed to such object. Accordingly, it determined that, based on the Government's proffer, there had not been a sufficient showing that Mr. Celaya was a participant in the conspiracy and, therefore, no co-conspirator statements were admissible against Mr. Celaya pursuant to Fed. R. Evid. 801(d)(2)(E).

The Government now moves for reconsideration, arguing that it is not required to show that Mr. Celaya knew the specific type and quantity of the drug at issue in the conspiracy, but only that he knowingly and voluntarily entered into a conspiracy to possess with intent to distribute and distribute a controlled substance. And, as marijuana is a controlled substance, *see* 21 U.S.C. § 812 Schedule I(c)(10), Mr. Celaya's mistaken belief that the conspiracy was in regard to marijuana instead of methamphetamine is irrelevant to a determination as to whether he was a knowing and voluntary participant in the conspiracy. In support, the Government cites to *United States v. Johnson*, 130 F.3d 1420, 1428 (10th Cir. 1997), which determined that a violation of 21 U.S.C. § 841, the statute criminalizing possession with intent to distribute and distribution of a controlled substance, does not differentiate between types of controlled substances and only requires that a defendant distributed a controlled substance as defined by federal law. Rather, the differentiation is a factor to consider in penalty under § 841(b), but not violation of the provision itself.

Mr. Celaya responds that the Court's earlier ruling was correct—that because he did not

know the object of the conspiracy involved the distribution of methamphetamine, he could not have been a knowing and voluntary participant in the conspiracy. In other words, he was so far removed from the object of the conspiracy that he cannot be considered to be a part of the conspiracy. *See Delgado-Uribe*, 363 F.3d at 1083 (listing interdependence of co-conspirators as one element in demonstrating a conspiracy). He asks that the Court uphold its prior determination, taking into account that he did not know it was methamphetamine, that he was involved in only one transaction, that he only spoke to Mr. Pelayo-Escarda and no other Defendants, and that he played only a limited role in the entire conspiracy by driving Mr. Pelayo-Escarda and Mr. Meza-Torres to Denver.

The issue presented, therefore, is whether knowledge of a conspiracy to distribute a controlled substance, without knowledge of the actual controlled substance being distributed, is sufficient to show that a defendant was a knowing and voluntary participant in the conspiracy. In other words, is the object of a conspiracy charge under § 846 merely a conspiracy to violate § 841(a)(1), which covers any controlled substance, or is it more specific, requiring a showing of an agreement to distribute a particular controlled substance.

The Court first notes that *Johnson* is instructive but not dispositive of the issue because *Johnson* involved a violation of § 841(a)(1) itself, not a violation of § 846, which criminalizes a conspiracy to violate § 841(a)(1). The Government has not cited to any case law directly addressing whether the object of a conspiracy to violate § 841(a)(1) under § 846 is broadly defined as the possession with intent to distribute and distribution of a controlled substance, without reference to the particular type or quantity of controlled substance involved. The Court is not aware of any Tenth Circuit authority on this issue. However, at least one circuit court has

addressed the issue and determined that knowledge as to the type or quantity of controlled substance is not necessary to be a participant in a conspiracy to violate § 841(a)(1), if the defendant personally and directly participates in a drug transaction underlying the conspiracy charge. *See United States v. Andino*, 627 F.3d 41, 47 (2d Cir. 2010).

In *Andino*, police authorities intercepted a packaged addressed to the defendant which contained cocaine. The authorities replaced the cocaine with a look-alike substance and sent it on its way to the defendant. The defendant then picked up the package from a neighbor and transported it to an adjacent building. He was arrested upon exiting the building. The defendant admitted that he knew package contained drugs, but that he believed it was marijuana, not cocaine. The Second Circuit confirmed that his lack of knowledge as to the particular type and quantity of drug in the package did not negate his participation in the conspiracy if he knew that the object was distribution of a controlled substance and he directly and personally participate in the drug transaction. In other words, scienter pertains to the fact that the object of the conspiracy involves a controlled substance, but is not limited by the particular type of controlled substance.

Applying the reasoning in *Johnson* and *Andino*, Mr. Celaya's mistake as to the type of drug being delivered would not exclude him from the alleged conspiracy.[1] Mr. Celaya actively, directly and personally participated in a transaction involving a controlled substance when he knowingly and voluntarily drove the vehicle containing a controlled substance from Colorado Springs to Aurora. His belief that the controlled substance was marijuana, rather than

---

[1] Such conclusion is bolstered by the Tenth Circuit's repeated acknowledgment that the amount and type of drug must be proven by the Government for sentencing purposes. *See, e.g.*, *United States v. Sells*, 477 F.3d 1226, 1242 (10th Cir. 2007); *United States v. Lauder*, 409 F.3d 1254, 1267 (10th Cir. 2005).

methamphetamine does not negate his scienter with regard to the existence or purpose of the conspiracy.

Mr. Celaya's argument that he was only a minor player in the execution of the conspiracy and, therefore, was not actually a participant in the conspiracy may be asserted at trial. For purposes of the James determination, they are not considered. Accordingly, the Court reconsiders its prior ruling and, upon such reconsideration, amends its prior ruling to conclude that the Government has presented sufficient evidence to demonstrate that Mr. Celaya was a participant in the alleged conspiracy and, therefore, to except co-conspirator statements against him from exclusion as hearsay. This is a preliminary determination and is subject to adequate proof of the conspiracy and Mr. Celaya's participation therein at trial. All other portions of the Order **(#179)** remain unaltered.

**IT IS THEREFORE ORDERED** that

(1) The Government's Motion to Reconsider **(#182)** is **GRANTED**. The Court has reconsidered its prior Order **(#179)** and amends it as stated herein.

(2) The recorded phone calls between the cooperating source and Mr. Meza-Torres

on 5/4/10, 5/5/10, 5/18/10, 9/21/10, 10/12/10, 10/13/10, 10/30/10 and between the cooperating source and Mr. Pelayo-Escarda on 10/20/10, 10/26/10, 10/27/10, 10/29/10, and 10/30/10, assuming adequate proof the conspiracy, would fall within Fed. R. Evid 801(d)(2)(E) if used against Mr. Celaya.

Dated this 3rd day of June, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge